UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DERECK VICE,<br><br>        Plaintiff,<br><br>    vs.<br><br>DENNIS KAEMINGK, Secretary of Department of corrections; DARRIN YOUNG, Warden, South Dakota State Penitentiary; BOB DOOLEY, Director of Prison Operations and Warden of Mike Durfee State Prison; ANGELA STIENKE, Coordinator West Hall; KEITH DITMANSON, West Hall Unit Manager; DOCTOR EUGENE REIGER, SDSP Medical Department; JESSICA STEVENS, Charge nurse, SDSP Department of Health; TROY PONTO, Associate Warden, Supervisor of Medical Services; DR. MARY CARPENTER; LT. FITZU; C/O BOYSEN; C/O ROBERT KIRVIN; PA TAMMY; and DR. JOE HANVEY<br><br>        Defendants. | 4:16-CV-04127-KES<br><br><br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION, DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION TO EXTEND DEADLINE, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, DENYING MOTION TO COMPEL, DISMISSING COMPLAINT IN PART, AND DIRECTING SERVICE |

## INTRODUCTION

Plaintiff, Dereck Vice, is an inmate at the South Dakota State Penitentiary in Sioux Falls. Plaintiff filed an amended complaint and moves for a temporary restraining order and requests that the court appoint him

counsel. For the following reasons, the court denies Vice's motions, dismisses his complaint in part, and directs service.

## FACTUAL BACKGROUND

According to Vice's complaint, Vice is disabled and has been classified as disabled for a long time. Docket 1 at 1-2. At one point he had access to a wheelchair and a cane in prison because of his medical conditions. *Id.* at 2. He has a life threatening disorder for which he uses a "CPAP" machine. *Id.*

Vice has had many tests on and evaluations of his back at CORE Orthopedics, including a CT scan and an MRI. *Id.* An outside specialist recommended that he have surgery, but when defendants submitted a request for this surgery to the South Dakota Department of Health, it was denied. *Id.* Vice grieved this issue through the prison grievance system, but was denied relief. *Id.*

Vice alleges that he is immobile as a result of defendants' refusal to authorize necessary surgery and the use of a wheelchair. Docket 10 at 2. He cannot attend church services, meals, or recreation time, and he cannot use the law library or showers. *Id.* On October 15, 2016, he suffered another fall that made his injuries worse. Docket 13 at 2. He is not receiving any medical treatment. *Id.*

On September 6, 2016, Vice filed a complaint. Docket 1. He did not raise distinct claims but mentioned the issues outlined above. Vice moved the court to issue a temporary restraining order "to stop Haraaament [sic] and Retaliation and Order the surgery that was approved to proceed." *Id.* at 3.

The court found that Vice had failed to state a claim upon which relief could be granted and ordered him to amend his complaint or it would be dismissed. Docket 8. Vice then filed a motion for injunction, a motion to appoint counsel, and an amended complaint. Docket 9; Docket 10; Docket 13. In his amended complaint, Vice again requests that the court enter a temporary restraining order and appoint him counsel. Docket 13.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008);

*Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

## DISCUSSION

In both his original and amended complaints, Vice alleges that defendants violated his rights under the Eighth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA). Docket 1; Docket 9; Docket 13. He also moves for a temporary restraining order and requests that the court appoint counsel. Docket 9; Docket 10; Docket 13.

**I.     Screening Under § 1915A**

**A.     The Complaints**

Vice filed a complaint and an amended complaint. Docket 1; Docket 13. He also filed a motion to extend the deadline to file an amended complaint and a proposed amended complaint. Docket 10. The court construes these together as constituting Vice's complaint. *Kiir v. N.D. Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint as plaintiff's complaint).

**B.     Unmentioned Defendants**

Vice named Dennis Kaemingk, Darrin Young, Bob Dooley, Angela Stienke, Keith Ditmanson, Doctor Eugene Reiger, Jessica Stevens, and Troy

4

Ponto as defendants. He does not, however, plead any facts showing that these defendants violated his rights. Vice fails to state a claim upon which relief may be granted as to these defendants, and they are dismissed as defendants under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C.     Individual Capacity Claims

In its Order Granting Leave to Amend, the court dismissed Vice's claims under the ADA and RA that were brought against defendants in their individual capacities. Docket 8 at 5. In his amended complaint, Vice voluntarily dismisses these claims. Docket 13 at 1. Therefore, Vice's ADA and RA claims against defendants in their individual capacities are dismissed.

### D.     Deliberate Indifference

To state an Eighth Amendment deliberate indifference claim, Vice must allege that he was in "a substantial risk of serious harm," and that defendants were "deliberately indifferent to that risk of harm . . . ." *Letterman v. Does*, 789 F.3d 856, 861-62 (8th Cir. 2015) (citing *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). To meet the deliberately indifferent element, a defendant "must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety.' " *Id.* at 862 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To show that defendants knew of the substantial risk of serious harm, Vice does not need to show actual knowledge; the court "can infer knowledge if the risk was obvious." *Id.* It is enough to show that the defendant "had been exposed to information concerning the risk and thus 'must have known' about it." *Id.* (quoting *Farmer*, 511 U.S. at 842).

Vice must also show that defendants " 'knew that their conduct was inappropriate in light of' the risk to the prisoner." *Id.* (quoting *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009)). "Knew" in this context means more than negligence and is "akin to the criminal rule of 'recklessness.' " *Id.* (quoting *Farmer*, 511 U.S. at 839-40). "Generally, the actor manifests deliberate indifference by 'intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed.' " *Id.* (quoting *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009)).

Vice alleges that Dr. Mary Carpenter refused to authorize surgery for him that was recommended by a specialist. Docket 10 at 2. He also alleges that after his fall and disability, numerous defendants were deliberately indifferent to his injury. He alleges that Correctional Officers Boyson and Robert Kirvin sprayed him with mace because he was unable to stand or walk, and he alleges Lt. Fitzu "got [him] maced two times . . . ." Docket 10 at 2. He alleges that Sgt. Herrman and Correctional Officer Stoymuet forced him to stand, even though his injuries made him unable to stand. *Id.* He alleges that PA Tammy Top took his cane and refused him a wheelchair even though he needed it. *Id.* Finally, he alleged that Dr. Joe Hanvey refused him a wheelchair, does not let him shower, and is not treating an infection Vice is suffering from. *Id.* Assuming the facts alleged in the complaint and amended complaint to be true, the court finds that these allegations state a claim of deliberate indifference under the Eighth Amendment against defendants

6

Dr. Carpenter, Boyson, Kirvin, Fitzu, Herrman, Stoymuet, Top, and Dr. Hanvey. These claims survive screening.

### E. Claims Based on Medical Treatment Decisions

Vice alleges that Dr. Carpenter denied him surgery that was recommended by a specialist. *Id.* To the extent Vice seeks to raise a claim under the RA or the ADA that he was denied surgery, he fails to state a claim. Claims "based on medical treatment decisions . . . cannot form the basis of a claim under the RA or the ADA." *Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014). Therefore, Vice fails to state a claim under the ADA or the RA, and this claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### F. ADA Claim

Vice alleges that defendants violated Title II of the ADA, which "provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Bahl v. Cty. of Ramsey*, 695 F.3d 778, 783 (8th Cir. 2012) (quoting 42 U.S.C. § 12132). In order to state a claim under Title II of the ADA, Vice must allege:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the jail's services, programs, or activities, or was otherwise subjected to discrimination by the jail; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

*Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

7

Vice alleges that he is disabled. Docket 1 at 1. He alleges that he cannot access the law library or health services and that he cannot attend church or recreation services. Docket 13 at 3. He alleges this was caused by defendants refusing him surgery and a wheelchair. *Id.* He, therefore, states a claim under Title II of the ADA against the defendants who refused him surgery and a wheelchair: Dr. Carpenter, Top, and Dr. Hanvey.

### G.  Rehabilitation Act Claim

Vice alleges that defendants violated § 504 of the RA, which states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.' " 29 U.S.C. § 794(a). "To establish unlawful discrimination under § 504, [Vice] 'must demonstrate that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds, and (3) he was discriminated against based on his disability.' " *Turner v. Mull*, 784 F.3d 485, 494 (8th Cir. 2015) (quoting *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998)).

"The ADA and § 504 of the Rehabilitation Act are 'similar in substance' and, with the exception of the Rehabilitation Act's federal funding requirement, 'cases interpreting either are applicable and interchangeable' for analytical purposes." *Bahl*, 695 F.3d at 783 (quoting *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999)). Further, for the purpose of screening under

8

§ 1915, the court assumes that the South Dakota Department of Corrections receives federal funds. *See Cutter v. Wilkinson*, 544 U.S. 709, 716 n.4 (2005) ("Every State . . . accepts federal funding for its prisons"); *Sisney v. Reisch*, 533 F. Supp. 2d 952, 984 (D.S.D. 2008), *aff'd in part, rev'd in part sub nom. Van Wyhe v. Reisch*, 581 F.3d 639 (8th Cir. 2009), and *aff'd*, 674 F.3d 839 (8th Cir. 2012) (South Dakota, as defendant, admitted accepting federal funding for its prisons). Vice, therefore, states a claim under § 504 of the RA against the defendants who refused him surgery and a wheelchair: Dr. Carpenter, Top, and Dr. Hanvey.

## II.     Motions for Temporary Restraining Order and Preliminary Injunction

Vice again moves the court to enter a temporary restraining order and preliminary injunction. Docket 9; Docket 13. The four factors the court considers in determining whether to grant preliminary injunctive relief are: " '(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.' " *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). Since *Dataphase*, the Eighth Circuit Court of Appeals has "observed that the 'likelihood of success on the merits is most significant.' " *Id.* (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012)).

At this stage, Vice cannot show that he is likely to succeed on the merits. He has only stated a claim upon which relief may be granted. The defendants have not been served and have not had a chance to respond. Therefore, Vice's motions for a temporary restraining order and preliminary injunction are denied.

### III. Motion to Appoint Counsel

Vice requests that the court appoint him counsel. Docket 13. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the district court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* At this point, Vice is able to present his claim, and it is too early in litigation to determine the other factors. Therefore, Vice's motion to appoint counsel is denied.

### IV. Motion to Compel

Vice moves the court to order the defendants to stop denying him access to the courts. Docket 14. He alleges that he has evidence that is necessary to his amended complaint. *Id.* While this evidence may be relevant at later stages of this case, it is not necessary for the court to review at the screening stage because the court only considers the allegations that are made in the complaint and assumes the allegations to be true. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) ("matters outside the pleading may not be

considered in deciding a Rule 12 motion to dismiss"). Therefore, Vice's motion to compel is denied.

Thus, it is ORDERED

1. Vice fails to state a claim against Dennis Kaemingk, Darrin Young, Bob Dooley, Angela Stienke, Keith Ditmanson, Doctor Eugene Reiger, Jessica Stevens, and Troy Ponto. They are dismissed as defendants under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. Vice's Eighth Amendment claims against Dr. Carpenter, Boyson, Kirvin, Fitzu, Herrman, Stoymuet, Top, and Dr. Hanvey survive screening.

3. Vice's ADA and RA claims against Dr. Carpenter, Top, and Dr. Hanvey survive screening.

4. The Clerk shall send blank summons forms to Vice so he may cause the summons and complaint to be served upon the defendants.

5. The United States Marshal shall serve a copy of the complaint (Docket 1; Docket 10; Docket 13), Summons, and this Order upon defendants as directed by Vice. All costs of service shall be advanced by the United States.

6. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

7. Vice will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

8. Vice's motion for preliminary injunction and appointment of counsel (Docket 9) is denied.

9. Vice's motion for a temporary restraining order and appointment of counsel (Docket 13) is denied.

10. Vice's motion to extend the deadline to amend his complaint (Docket 10) is denied as moot.

11. Vice's motion to compel (Docket 14) is denied.

12. Vice will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated December 15, 2016.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE