UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DERECK VICE,<br>a/k/a Dereck Vice,<br>a/k/a D. Vice,<br><br>          Plaintiff,<br><br>  vs.<br><br>DR. MARY CARPENTER, LT. FITZU,<br>C/O BOYSEN, C/O ROBERT KIRVIN,<br>PA TAMMY TOP, DR. JOE HANVEY,<br>SGT. HERMANN, and CORRECTIONAL<br>OFFICER STOYNOV,<br><br>          Defendants. | 4:16-CV-04127-KES<br><br><br><br>ORDER GRANTING MOTION<br>TO INTRODUCE EVIDENCE<br>AND GRANTING MOTION<br>FOR PROTECTIVE ORDER |

Plaintiff, Dereck Vice, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 42 U.S.C. § 1983. Vice now moves to introduce evidence into the record, and defendants move for a protective order staying discovery until the court determines the issue of qualified immunity.

Vice filed a motion to enter evidence consisting of 109 pages of documents. Docket 46. This motion is granted. The court will consider these documents as an attachment to the complaint.

Defendants move the court to enter a protective order. Pursuant to Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure § 2040* (3d ed.). A stay of

discovery is within the district court's discretion and is reviewed by the appellate court for an abuse of that discretion. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery). Because the qualified immunity issue may be dispositive, the court grants defendants' motion to stay discovery.

Vice argues that the court should not grant the motion. He alleges that defendants lied in their motion for protective order and are merely trying to keep the court from considering necessary evidence. Docket 50 at 1-2. Vice provides as attachments a portion of defendants' motion stating that there is "nothing in the record to reflect that Vice is currently in need of back surgery[,]" and medical correspondence stating that he is scheduled to have back surgery. Docket 50-1. While Vice may be correct, it is immaterial. At this point, the qualified immunity issue may be dispositive, and defendants are therefore entitled to a stay of discovery. Also, defendants' argument is inappropriate at this time because it is reasonable for there to be nothing in the record before Vice has conducted discovery. Vice may raise his argument in response to defendants' motion for summary judgment based on qualified immunity, but those arguments do not concern defendants' entitlement to a stay of discovery.

Thus, it is ORDERED

1. Vice's motion to introduce evidence (Docket 46) is granted.

2. Defendants' motion for protective order (Docket 48) is granted. Discovery will be stayed until the court determines the issue of qualified immunity. If summary judgment is denied, the stay on discovery will be lifted.

3. Defendants shall file their motion for summary judgment by July 31, 2017.

Dated July 10, 2017

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE