UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DEREK VICE,<br><br>Plaintiff,<br><br>vs.<br><br>C/O ROBERT KIRVIN, SGT. CHARLES HERRMANN, CORRECTIONAL OFFICER TIFFANEY STOYANOV,<br><br>Defendants. | 4:16-CV-04127-KES<br><br><br>ORDER GRANTING RENEWED MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Derek Vice, filed an amended complaint alleging that defendants violated his rights under the Eighth Amendment. Dockets 1, 13. Defendants moved for summary judgment and claimed qualified immunity. Docket 57. Vice opposed the motion. Docket 67. The court granted defendants' motion in part and denied it in part. Docket 81. Defendants renew their motion for summary judgment. Docket 85. For the following reasons, the court grants defendants' motion.

**FACTUAL BACKGROUND**

The undisputed facts are as follows[1]:

---

[1] Under Local Rule 56.1, "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." D.S.D. Civ. LR 56.1(D). Thus, the court accepts all of the facts contained within

Plaintiff, Derek Vice, is a current inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Docket 91 ¶ 1. Vice states he has difficulty walking due to an alleged back injury. Dockets 10, 67. Vice is able to walk and does not have a medical condition that would render him paralyzed or unable to walk. Docket 91 ¶¶ 16-18. Vice, however, does use a wheelchair to be transported on some occasions. Docket 67 at 2. Defendant Tiffaney Stoyanov, a Health Services Officer at the SDSP, was aware that Vice feigned his symptoms and — despite Vice's assertions that he was unable to stand or walk due to an injury — was observed walking on several occasions. Docket 87 ¶ 4. Additionally, there were occasions where Vice needed to be restrained and the staff would make an effort to restrain him from a kneeling or sitting position. *Id.* ¶ 5.

The South Dakota Department of Corrections (SDDOC) has a policy that requires the reporting of planned or unplanned use of force by DOC staff. Docket 91 ¶ 21. The policy requires the officer-in-charge to complete a "Use of Force Summary" following any encounter that involved force. *Id.* Once completed, the summary and checklist become part of the reporting documents and is forwarded to the Senior Security Officer. *Id.* The Senior Security Office must ensure that the summary and checklist are electronically filed in the Use of Force Folder. *Id.* ¶ 22. The checklist, summary, and any accompanying incident or informational reports are generated for each inmate who has had a

---

the defendants' statement of undisputed material facts (Docket 91) as undisputed.

use of force applied to him. *Id.* Next, the policy requires the reports be scanned into the inmate's Offense in Custody record located in the Comprehensive Offender Management System (COMS). *Id.* ¶ 23. Clifton Fantroy, Associate Warden of Security, conducted a search of the COMS to look for any documents or reports pertaining to Vice that involved defendants Charles Herrmann, a Lieutenant at SDSP, or Stoyanov's application of force. *Id.* ¶ 24. Fantroy did not find or locate any reports where Herrmann or Stoyanov were said to have applied force to Vice. *Id.* ¶ 25.

Additionally, Stoyanov has no recollection of ever forcing Vice to stand. *Id.* ¶ 27; Docket 87 ¶ 6. Stoyanov does not recall ever using capstun, pepper spray, or physical force in an effort to force Vice to stand while injured. Docket 91 ¶ 28. Stoyanov stated that if such an incident would have occurred, she would have remembered it and completed an incident report as required by the SDDOC's policy. *Id.*; Docket 87 ¶¶ 7-8.

On October 19, 2016, Vice was sprayed with "OC spray" twice. Docket 91 ¶ 7. He was sprayed with OC spray earlier in the day for failing to follow directions. *Id.* He was sprayed again, later in the evening, by defendant Robert Kirvin. *Id.* Vice was sprayed that evening because he refused to follow directives to allow staff to put restraints on him. *Id.* ¶ 8. Vice claimed he could not walk, but Kirvin did not believe this to be an issue because a wheelchair was present for Vice. *Id.* ¶ 9. Kirvin give Vice four directives and the Officer-in-Charge (OIC), Derek Palmer, gave Vice four additional directives to turn his back while sitting to "cuff up." *Id.* ¶ 10. But Vice continued to argue with staff. *Id.* Kirvin gave two

3

additional directives to "turn around and cuff up" and Vice continued to not comply. *Id.* ¶ 11. At this point, the OIC gave Kirvin permission to deploy the capstun spray. *Id.* After the incident, Kirvin completed a disciplinary report on October 19, 2016. *Id.* ¶ 10; Docket 86-2. Additionally, Palmer completed an Unplanned Use of Force Checklist on October 19, 2016. Docket 86-1.

Later that evening, Vice was seen by Health Services and complained of a small abrasion to his left big toe. Docket 91 ¶ 12. Health Services was not able to treat the abrasion because Vice was uncooperative. *Id.* ¶ 13. Vice's vital signs were stable, he was alert and oriented, and was cleared by Health Services. *Id.* ¶¶ 14-15.

## LEGAL STANDARD

Pro se filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even with this construction, "a pro se [filing] must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Summary judgment on all or part of a claim is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also In re Craig*, 144 F.3d 593, 595 (8th Cir. 1998). The moving party can meet its burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

4

Once the moving party has met this burden, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). "Further, 'the mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment. . . . Instead, the dispute must be outcome determinative under prevailing law.' " *Id.* at 910-11 (quoting *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992)). The facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion" for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## DISCUSSION

Vice alleges that under 42 U.S.C. § 1983 the defendants violated his Eighth Amendment rights. Dockets 1, 10. Defendants allege that they are entitled to qualified immunity and there are no material facts in dispute as to whether the defendants violated Vice's rights. Docket 85.

Vice alleges that Kirvin, Herrmann, and Stoyanov utilized excessive force in violation of his Eighth Amendment rights. "The Eighth Amendment protects incarcerated prisoners from cruel and unusual punishment, and this protection is grounded upon their right to be free from unnecessary and wanton infliction of pain at the hands of correctional officers." *Jones v. Shields*,

5

207 F.3d 491, 494-95 (8th Cir. 2000). "When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). "Factors which inform this inquiry include the need for the application of physical force; the relationship between the need for physical force and the amount of force applied; and the extent of injury suffered by the inmate." *Jones*, 207 F.3d at 495.

## I. Kirvin

Vice alleges Kirvin used excessive force when he sprayed Vice with mace because Vice could not stand up. Docket 10 at 2. In the court's previous order, the court discussed case law from the Eighth Circuit that pertained to inmates' claims of excessive force. Docket 81 at 23-24. In *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014), the Eighth Circuit found the force was not excessive when the correction officer sprayed the inmate with pepper spray after the inmate refused hand restrains, argued with the officer, and threw an item at the officer. *Id.* at 1138, 1140. Also, in *Jones*, the Eighth Circuit found the officer's use of capstun on an inmate was a "tempered response" after the inmate refused to work and allegedly refused to return to his barracks as instructed. 207 F.3d at 493, 496.

In defendants' original motion for summary judgment, the court denied the motion regarding Kirvin because "defendants did not provide any evidence

6

of whether an encounter occurred, and if it did, the circumstances of that encounter in their brief or statement of undisputed material facts." Docket 81 at 24-25. Here, defendants discussed the facts surrounding the encounter between Kirvin and Vice in their memorandum in support (Docket 86 at 1-5), statement of undisputed material facts (Docket 91 ¶¶ 7-19), and attached a disciplinary report and Unplanned Use of Force Checklist as evidence (Dockets 86-1, 86-2). The evidence shows Kirvin sprayed Vice with mace after Vice refused hand restraints, argued with the staff, and ignored ten directives from the staff. Dockets 86-1, 86-2. Like the officers in *Jones* and *Burns*, Kirvin used the mace to control Vice after Vice was uncooperative and insubordinate. Therefore, Kirvin's use of force "was applied in a good-faith effort to maintain or restore discipline," and was not excessive. *Santiago*, 707 F.3d at 990 (quoting *Hudson*, 503 U.S. at 6-7).

## II. Herrmann and Stoyanov

Vice alleges that Herrmann and Stoyanov forced him to stand even though he was unable to stand on his own. Docket 10 at 2. In its previous motion for summary judgment, defendants failed to provide evidence in the record pertaining to the existence, or absence, of any encounter between Vice and Herrmann or Stoyanov. Docket 81 at 25.

Here, defendants discuss the absence of an encounter between Vice and Herrmann or Stoyanov in its memorandum in support (Docket 86 at 5-11), statement of undisputed material facts (Docket 91 ¶¶ 20-40), and included affidavits from Stoyanov and Clifton Fantroy as evidence (Dockets 87, 89). The

7

evidence shows Stoyanov has no recollection of forcing Vice to stand or using capstun, pepper spray, or physical force to force Vice to stand. Docket 91 ¶¶ 27, 28; Docket 87 ¶ 6. Also, Fantroy conducted a search of the COMS to determine if there were any documents or reports that either Herrmann or Stoyanov were involved in any encounter where force was used against Vice. Docket 91 ¶ 24. There was no record or report of any incident in the COMS where Herrmann or Stoyanov were said to have applied force against Vice. *Id.* ¶¶ 20, 25.

The undisputed facts show that no incident involving force occurred between Vice, Herrmann, and Stoyanov. Herrmann and Stoyanov are entitled to judgment as a matter of law unless Vice provides "affidavits or other evidence [that] set[s] forth specific facts showing that there is a genuine issue for trial." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Vice cannot rely solely on the conclusory allegations contained in his pleadings. *Mosley*, 415 F.3d at 910. Here, Vice presented no evidence of the alleged incident and did not respond to defendants' statement of undisputed material facts. Without evidence that an incident involving force occurred, there can be no violation of Vice's Eighth Amendment rights by Stoyanov and Herrmann.

Additionally, Vice's allegations that he arrived to the SHU cuffed in the front and in a wheelchair, and then was ordered to stand and be cuffed from behind does not itself raise to the level of a constitutional violation. Stoyanov and Herrmann were aware that Vice feigned his symptoms and had the ability to stand and walk. Docket 87 ¶¶ 3-4. Thus, if they directed Vice to stand so

8

they could cuff him from behind, it was done in a "good-faith effort to maintain or restore discipline." *Santiago*, 707 F.3d at 990 (quoting *Hudson*, 503 U.S. at 6-7). Weighing the lack of physical force against the need to maintain safety and order in the prison setting, and the staff's awareness of Vice's ability to walk or stand, the court finds Stoyanov and Herrmann's actions do not rise to the level of excessive force under the Eighth Amendment.

## CONCLUSION

Kirvin's use of mace against Vice does not constitute excessive force and does not violate Vice's Eighth Amendment rights. Additionally, the undisputed facts show that no incident involving force occurred between Herrmann and Stoyanov against Vice and there was no violation of Vice's Eighth Amendment rights. Thus, it is

ORDERED that defendants' renewed motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motions to appoint counsel (Dockets 92, 92), for injunctive relief (Docket 101), and for trial (Docket 104) are denied as moot.

Dated March 26, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE